The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| JASON R. WISE, | ) |
| | ) CASE NO. 08-60318 |
| Debtor. | ) |
| | ) ADV. NO. 09-6095 |
| | ) |
| ANNE PIERO SILAGY, TRUSTEE, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JASON L. WISE & | ) |
| | ) |
| JLW TRANSPORT, LLC, | ) |
| | ) MEMORANDUM OF OPINION |
| Defendants. | ) (NOT FOR PUBLICATION) |
| | ) |

On February 16, 2010, trustee Anne Piero Silagy ("trustee") filed a motion to compel discovery, impose sanctions, and extend discovery and dispositive motion deadlines. This motion is now before the Court.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding

under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On December 3, 2009, the trustee served her First Request for Admissions, First Set of Interrogatories and First Requests for Production of Documents on defendants Jason L. Wise ("debtor") and JLW Transport (collectively "defendants"). Defendants were required to provide responses within 30 days pursuant to Federal Rules of Civil Procedure 33(b)(1)(B), 34(b)(2)(A), and 36(a)(3), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7033, 7034 and 7036, respectively.

The defendants failed to provide adequate responses to the trustee's requests within 30 days. On December 28, 2009, the defendants filed a motion requesting ten additional days. The motion was unopposed but was not granted because the defendants failed to upload an order. On February 8, 2010, the debtor E-mailed responses to the trustee, but the responses were not signed and verified as required by Rules 33(b)(5) and 36(a)(3) and did not include the requested documents. On March 5, 2010, defendants' co-counsel, David L. Smith ("Attorney Smith"), uploaded a "Notice of Compliance," which stated that the trustee's demands had been met despite these failures.[1] The trustee did not receive adequate responses from the debtor until March 19, 2010, and she has still not received *any* response from JLW Transport.

The trustee now asks the Court to compel the defendants to comply with her discovery requests, to impose sanctions, and to extend discovery and dispositive motion deadlines.

## LAW AND ANALYSIS

### A. The Trustee Has Complied with Local Rule of Bankruptcy Procedure 7026-1.

Discovery disputes are governed by Local Rule of Bankruptcy Procedure 7026-1, which provides in pertinent part:

> To curtail undue delay in the administration of justice, no discovery procedure under Fed. R. Civ. P. 26 through 37 to which objection or opposition is made by the responding party shall be taken under consideration by the Court unless the party seeking discovery shall first advise the Court in writing that, after personal consultation and sincere attempts, the parties are unable to reach an accord. The

---

[1] At the outset of this litigation, both defendants were represented by Robert H. Cyperski. On December 7, 2010, David L. Smith filed a "Notice as Co-Counsel with Attorney Robert Cyperski" with regard to the debtor but not JLW Transport. However, David L. Smith has filed a second reply on behalf of JLW Transport. Therefore, the Court treats David L. Smith as co-counsel to both defendants.

statement shall recite those matters that remain in dispute, and, in addition, the date, time and place of such conference, and the names of all parties participating therein. It shall be the responsibility of counsel for the party seeking discovery to initiate such personal consultation. . . . . Unless otherwise ordered by the Court, no discovery dispute shall be brought to the attention of a Judge, and no motion to compel may be filed, more than 10 days after the discovery cut-off.

The Court finds that the trustee has complied with the consultation requirement of Local Rule 7026-1. Her motion recites multiple attempts to obtain the requested discovery from the defendants. On January 21, 2010, the trustee sent the defendants a letter requesting compliance. The trustee's counsel, John J. Rutter, states that he left the defendants voice messages. Finally, on February 8, 2010, the trustee's counsel sent the defendants an E-mail urging compliance to avoid court intervention.

The Court also finds that the trustee has complied with the requirement under Local Rule 7026-1 that a motion to compel be filed within ten days of the close of discovery. The trustee's motion to compel is accompanied by a motion to extend the deadline for discovery. To the extent that the trustee did not strictly comply with the ten-day requirement, the Court waives the requirement for cause because the trustee has made a continuous effort to communicate with opposing counsel and avoid Court intervention.

## B. The Trustee Is Entitled to an Order to Compel Discovery.

Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling disclosure or discovery if the party has been unable to obtain discovery without Court action. JLW Transport has not complied with the trustee's discovery requests and cites no reason for its failure. Accordingly, the trustee's motion to compel must be granted with regard to JLW Transport. The trustee states that the debtor complied with the trustee's discovery requests on March 19, 2010. Thus, the trustee's motion to compel with regard to the debtor must be denied as moot.

## C. The Trustee Is Entitled to Sanctions.

The trustee asks the Court to deem her First Request for Admissions admitted. The Court finds that the trustee is entitled to this relief. Rule 36(a)(3) provides that "[a] a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the attorney." The trustee served her request for admissions on December 3, 2009. The debtor did not comply with the trustee's requests until March 19, 2010, and JLW Transport has still not complied with the trustee's requests. Thus, the Court deems the First Request for Admissions admitted with regard to both defendants.

The trustee also seeks reasonable expenses, including attorney fees, in connection with prosecuting her motion to compel. The Court finds that the trustee is entitled to this relief. Rule 37(d)(1)(B)(3) provides that the Court may sanction a party or a party's counsel who fails to

respond to interrogatories by requiring him to pay the movant's expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, expenses are clearly warranted because defendants' co-counsel, Attorney Smith and Robert H. Cyperski, have offered no excuse for the defendants' failure to answer the trustee's interrogatories.

In imposing expenses the Court must make a "careful apportionment . . . among responsible parties." Boucher v. United States (In re Yellen & Herstic), 804 F.2d 191, 192 (2d Cir. 1986). In this case, the Court finds that the trustee's expenses relating to her motion to compel should be paid exclusively by Attorney Smith.

Attorney Smith has been much more involved in this discovery dispute than his co-counsel Robert H. Cyperski. In addition, on March 5, 2010, Attorney Smith filed a "Notice of Compliance" with the Court claiming that the trustee's demands had been met based on the E-mail sent on February 8, 2010. The Court concludes that this notice was filed in bad faith. Attorney Smith surely knew that his client's answers to the trustee's discovery requests needed to be signed and they were not. In addition, the E-mail was completely unresponsive to the trustee's request for documents. Finally, the E-mail stated that its attachments were "an advance copy of what is coming in the mail." That mail did not arrive for over a month.

The trustee shall have fourteen days to submit an itemization of her reasonable expenses, including attorney fees, to the Court, and Attorney Smith shall have fourteen days to object to the *amount* requested.

### D. A Status Conference Will Be Held Regarding Deadlines.

The Court will schedule a status conference regarding the trustee's request to extend discovery and dispositive motion deadlines.

An order will issue simultaneously with this opinion.

\#   \#   \#

SERVICE LIST:

Anne Piero Silagy
220 Market Ave South
Suite 900
Canton, Oh 44702

Jason L Wise
1151 Rolena Circle NW
Canton
Ohio, OH 44708

JLW Transport, LLC
c/o Thomas Trefethern, Statutory Agent
116 Cleveland Ave. NW
Suite 305
Canton, OH 44702

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Robert H Cyperski, Aty
1201 30th St NW
Ste 102-B
Canton, OH 44709