The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JASON L. WISE, | ) | CASE NO. 08-60318 |
| | ) | |
| Debtor. | ) | ADV. NO. 09-6095 |
| | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JASON L. WISE AND JLW | ) | **(NOT INTENDED FOR** |
| TRANSPORT, LLC, | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Two motions are before the court. Plaintiff, the chapter 7 trustee, filed a motion for summary judgment on June 30, 2010. Through the motion, she seeks a determination regarding use of the term "Contractor" in a contract signed by Debtor. Debtor filed a motion to dismiss this adversary on July 30, 2010, arguing that the trustee failed to join necessary parties, specifically FedEx, to the action.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and

1

division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(A). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtor filed a chapter 7 petition on February 8, 2008. When the case was filed, Debtor was self-employed by JLW Transport (hereafter "JLW"), a limited liability company. Debtor is a member of JLW. According to the Statement of Financial Affairs, JLW Transport was formed on or about August 1, 2002. According to information available from the Ohio Secretary of State, obtained by the court on its own initiative and not contained in the record, the articles of organization for JLW were filed July 19, 2002. *See* Exhibit A.

Debtor's earnings are generated from revenues under a contract with FedEx, the FedEx Ground Package System, Inc. Pick-Up and Delivery Contractor Operating Agreement (hereafter "PDS contract" or "contract"). The cover page of the contract is dated June 2002. The entire PDS contract contains the operating agreement and several addenda. Two parties are signatories to the contract: "FedEx Ground Package Systems, Inc." and "Contractor." Contractor is not a defined term in the PDS contract. Debtor signed "Jason L. Wise" in the "Contractor" signature line of the PDS contract on July 25, 2002.

The contract was originally for a term of three years, then renewable annually for one year periods. The copy provided to the court contains the operating agreement from July 25, 2002 and the addendum effective June 4, 2007.

JLW Transport is not specifically mentioned in the PDS contract, but is referenced in the addenda. Certain information is included on every page of each addendum, including the contract number, a FedEx identification number, a terminal number, and "Name," followed by JLW Transport LLC, and a print date of May 10, 2007. All revenues under the PDS contract are currently paid to JLW Transport.

The PDS contract, through Addendum 4, covers four Primary Service Areas ("PSAs"). The PDS contract gives the Contractor a property interest in the customer accounts in each PSA. It also states that it is governed by Pennsylvania law.

On September 22, 2009, trustee filed a motion to sell Debtor's rights under the PDS contract in the main case. Debtor objected. Plaintiff-trustee then instituted an adversary action on August 12, 2009, seeking declaratory judgment on the issue of ownership of the property interests arising under the PDS contract.

2

## LAW AND ANALYSIS

I.  **Motion for Summary Judgment**

Trustee moves for summary judgment under Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56 into bankruptcy practice. The rule provides, in part

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

This adversary is tied to the trustee's notice of sale of the PDS contract in the main case, to which Debtor objected. Through her motion for summary judgment, the trustee seeks a determination that Debtor was the "Contractor" under the PDS contract. If he is, the trustee asks the court to find that the PDS contract is property of Debtor's bankruptcy estate and is a salable asset under 11 U.S.C. § 363.

Trustee argues that the property interests arising under the PDS contractor belong to Debtor and became property of the estate when he filed for bankruptcy protection. Her argument relies on the fact that the PDS contract bears Debtor's individual signature, and not a signature in a corporate capacity.

Debtor argues that the contract was not signed in an individual capacity, but in a corporate capacity. According to Debtor, the notation of JLW Transport on every page of each addendum is evidence that JLW Transport was the real party to the contract, not

3

Jason L. Wise individually. He also alleges that FedEx requires an individual signature, not a corporate signature. Debtor points out that all payments from FedEx are paid to JLW Transport, not Jason L. Wise. If Debtor is correct, the contract is property of JLW Transport and is not a salable asset by the trustee (although the trustee could reach the value of Debtor's interest in JLW Transport).

Viewing the evidence in the light most favorable to Debtor, as the nonmoving party, the court determines that trustee's argument prevails. Debtor signed the PDS contract "Jason L. Wise" on or about July 25, 2002. JLW Transport is not mentioned or referenced in the 2002 PDS contract. According to the Statement of Financial Affairs, JLW Transport dates to August 1, 2002, *after* the contract was signed. If JLW Transport was not in existence at the time the contract was signed, Debtor could not have signed on behalf of the company. Further, the addenda, which do reference JLW Transport, all bear a date in 2007. There are no copies of addenda contemporaneous to execution of the PDS contract. The addenda from 2007 reference an effective date in 2007 and therefore cannot be used to graft an understanding of the 2002 contract.

Debtor contends that FedEx requires an individual to sign the PDS contract. This is fully believable, but is not helpful to Debtor. The signature lines in the contract are notably different for FedEx and the Contractor. Under the "FedEx Ground Package System, Inc." heading are three lines: Signature, Title and Witness. On the contractor side, the three lines are titled Signature, Typed Name and Witness. The fact that the contract does not provide for a Contractor to sign in a representative capacity is not helpful to Debtor. Rather, it makes it more clear that FedEx specifically contracted with an individual, not a company. Since the contract is not ambiguous, and the language is clear, the court cannot rely on extrinsic evidence to divine alternate meaning from the language. *See* Western United Life Assurance Co. v. Hayden, 64 F.3d 833 (3rd Cir. 1995) (citing Allegheny Int'l v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1424 (3rd Cir. 1994).

Debtor attempts to argue that the fact that JLW Transport receives remittances from FedEx indicates it was the contracting party to the PDS contract. The court finds that Debtor has not developed this fact sufficiently to create a genuine issue of material fact supporting his contention that the contract was signed in a representative capacity. As previously discussed, this is not what is clearly indicated on the PDS contract. Although Debtor claims JLW was the contracting party with FedEx, the record is devoid of any evidence that JLW Transport existed at the time the PDS contract was signed. The operating agreement, at paragraph 4.2, states that the settlement will be made on a weekly basis with Contractor. The Contractor is Jason L. Wise. A reasonable inference from the evidence presented is that Debtor, as Contractor, later assigned or otherwise transferred the right to the payments to JLW Transport.

Although the court finds that Pennsylvania law should be used in interpreting the

4

contract, it is in accord with Ohio law cited by trustee. *See* Trenton Trust Co. v. Klausman, 222 Pa.Super. 400 (Pa. Super. 1972) (allowing parol evidence when there was ambiguity in instrument whether signatures where in individual or representative capacity); Cannavo v. Poplar, 8 Pa. D. & C.3d 529 (Pa. Com.Pl. 1978) (refusing to find corporate liability when the contract did not reference the corporation and there was no indication the signors were representatives of the corporation). There is nothing to suggest JLW Transport is the Contractor under the PDS contract. Rather, all indications point to Debtor signing the contract in his individual capacity. Having prevailed on the facts, the court finds that trustee is entitled to judgment as a matter of law that Debtor, individually, signed the PDS contract. Any property owned by Debtor as of the date of filing the bankruptcy became property of the estate pursuant to 11 U.S.C. § 541. The trustee possesses whatever rights and interests in property, including the PDS contract, that existed on the date the bankruptcy was filed. She steps into the place of the Contractor.

Debtor argues the trustee is impermissibly attempting to sell the rights, but not the obligations, under the contract. Although not cited by Debtor, this view apparently arises from paragraph thirteen of the contract, which state that the operating agreement and the addenda "constitute the entire agreement and understanding between the parties." What Debtor argues is the trustee must sell the exact contract, including the addenda, to the last dotted I. The court does not agree.

Assignment of a Contractor's rights under the PDS contract is outlined in paragraph eighteen. Trustee, standing in the place of Contractor, has the right to assign the rights and obligations under the contract to a "replacement contractor." The court finds that the assignable rights and obligations are those existing between FedEx and Contractor. If an acceptable replacement contractor is found, "FedEx Ground shall thereupon enter into a new agreement with Replacement Contractor on substantially the same terms and conditions contained herein." Ultimate approval of the sale rests with FedEx. The assignment provision further provides that "[a]ny consideration to be paid by Replacement Contractor on account of such assignment shall be strictly a matter of agreement between Contractor (or Contractor's representative) and Replacement Contractor." (PDS contract, ¶ 18.) This provides the basis for Trustee's sale of Debtor's interest in the contract.

Debtor's interest in the contract, again, is the rights and obligations arising under the contract between FedEx and Debtor as Contractor. Debtor seems to argue that, because he is using the equipment identified in Addendum 1, his obligations for the lease of those vehicles must be included in the sale. These leases are not part of the PDS contract, but are separate assets which support the contract.[1] FedEx is neither the lessor or lessee of the truck leases and the truck leases are not part of the PDS contract. Thus,

---

[1] It is not clear if they are assets of the estate or assets of JLW Transport.

5

there is no requirement that the leases[2] be assumed and assigned as part of a sale of the PDS contract. Any claim that the leases, or similar obligations, are part of the PDS contract is wrong. Outside obligations undertaken by Debtor, either individually or as a member of JLW Transport, to fulfill his responsibilities under the contract are not material parts of the PDS contract and do not arise directly thereunder between the parties.

Further, the specific vehicles referenced in Addendum 1 are not required under the PDS contract. Great discretion is afforded a Contractor on how to fulfill obligations under the PDS contract, as noted throughout the document:

> "[T]he manner and means of reaching these results are within the discretion of the Contractor." (PDS Contract, p. 1, Background Statement.)

> "[T]he selection and replacement of the Equipment is within the discretion of Contractor." (PDS contract, ¶ 1.1.)

> <u>Discretion of Contractor to Determine Method and Means of Meeting Business Objectives.</u> It is specifically understood and agreed by both parties that Contractor shall be responsible for exercising independent discretion and judgment to achieve the business objectives and results specified above, and no officer, agent or employee of FedEx Ground shall have the authority to direct Contractor as to the manner or means employed to achieve such objectives and results. (PDS Contract, ¶ 1.15.)

This discretion given a Contractor emphasizes that the particular vehicles Debtor is using to perform under the contract are not legal requirements.

Debtor also challenges the ability to transfer the PSAs to a purchaser. Debtor is correct that FedEx owns the PSAs. However, just as FedEx granted Debtor rights to the PSAs, FedEx can grant rights in the PSAs to a replacement contractor. If the trustee sells the PSA contract, FedEx may approve only the transfer of two PSAs, it may approve the transfer of five. It likely depends on whether it believes the replacement contractor has the ability and equipment to fulfill the responsibilities under all the PSAs. Trustee, in her

---

[2] If the leases have value, and are property of the Debtor, the trustee could also assign those leases to the extent they are property of the estate and otherwise assignable under 11 U.S.C. § 365. The replacement contractor may or may not be interested in other assets, such as the vehicle leases, to support the PDS contract.

09-06095-rk    Doc 50    FILED 08/31/10    ENTERED 08/31/10 11:00:10    Page 6 of 9

notice of sale in the main case, acknowledges that sale and assignment are "subject to the approval of FedEx." (Notice of Sale, p. 2.) Trustee does not argue that the PSAs are property of the estate. Debtor's arguments regarding the PSAs are not germane to the the determination of whether or not Debtor's interest in the PDS contract is property of the estate.

Debtor also mentions the plight of his employees. Employees (presumably of JLW Transport) will remain employees of JLW Transport. Debtor is concerned about the future of the employees if the PDS contract is sold, but Debtor voluntarily placed himself under the jurisdiction of the bankruptcy court in order to obtain relief. The sale of assets to satisfy his obligations is part of the process. The court is not unsympathetic to third parties who suffer the consequences of the adjustment of the debtor-creditor relationship. If the PDS contract is sold, JLW Transport may be able to contract for other shipping or delivery work.

The situation is not materially different from a debtor who owns and operates a bar who files bankruptcy. In those cases, the liquor license is often the most valuable asset. The trustee can sell the liquor license and abandon any interest in the real estate or secondary contracts that support the business, such as the lease of the real estate or the contract to purchase pool tables.

The court finds that the contract was signed by Debtor in an individual capacity. The contract is an asset of the bankruptcy estate under 11 U.S.C. § 541. The trustee may sell the rights under the contract according to its terms. The court will grant Trustee's motion for summary judgment.

## II. Motion to Dismiss

Defendants filed a motion to dismiss on July 22, 2010. According to Defendants, Trustee's failure to join FedEx as a party to the adversary is fatal and the complaint should be dismissed. This is a motion under Federal Rule of Civil Procedure 12(b)(7), adopted into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7012(b).

In the Sixth Circuit, whether to dismiss an action based on the failure to join a necessary party involves a tripartite analysis. Keweenaw Bay Indian Cmty. v. Michigan, 11 F.3d 1341 (6th Cir. 1993) (citations omitted). Pursuant to Rule 19(a), the first question is whether the party in question is necessary (versus indispensable) and can be joined. Id. Defendants failed to establish FedEx is necessary to this proceeding, so inquiry beyond the first step is not necessary.

Trustee's amended complaint seeks declaratory judgment that the PDS contract is property of Debtor's bankruptcy estate and is subject to sale, as well as a judgment for costs of the action, including attorney's fees. None of the relief sought by Trustee

7

requires joinder of FedEx. Defendants confuse FedEx's right to approve a replacement contractor under an assignment of the PDS contract with its need to be part of this proceeding. FedEx is necessary for the completion of an assignment under a sale, but not for the determination that a sale is permissible.

Trustee is not attempting to sell PSAs owned by FedEx. She is attempting to determine whether the right to service those PSAs, as outlined by the PDS contract, is property of Debtor's estate under 11 U.S.C. § 541. As discussed above, Debtor's interest in the PDS contract is property of the estate. This determination was made without the need to join FedEx as a party to this action. Similarly, a declaration that the Trustee is entitled to sell Debtor's interest in the contract, pursuant to 11 U.S.C. § 363, does not likewise require the participation of FedEx in this proceeding. The court can issue the declaratory relief sought in Trustee's amended complaint without the joinder of FedEx. The lack of Fed Ex's participation will not prevent it from protecting its interests in the PDS contract. Nor will FedEx be subject to "double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)(ii). FedEx may adequately protect its interest by withholding approval of the assignment. The mere fact Trustee takes the position of Contractor under the PDS contract does not alter the rights under that agreement. FedEx maintains its property interests in the PDS contract and has the ability to protect those rights through the approval process designated for assignments of Contractor interests in PDS contracts.

The motion to dismiss will be denied.

An appropriate order will be entered immediately.

# # #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Robert H Cyperski, Aty
1201 30th St NW
Ste 102-B
Canton, OH 44709

David L Smith
101 Central Plaza South
Suite 1003
Canton, OH 44702

# JENNIFER BRUNNER
## OHIO SECRETARY OF STATE

Home | About | Businesses | Voter Services | Candidates | Elections & Ballot Issues | Other Records | Better Lives | Voting Rights Institute | Media Center



## BUSINESS FILINGS
### PROMOTING BUSINESS GROWTH

**Business Information**    Total Row Count in Report - 1    Row(s) 1 - 1

| Business Name | Charter / Registration Number | Type | Original Filing Date | Status | Expiration Date | Location / County / State | Agent / Contact Info | Business Filing Info | Prior Business Name Info |
|---|---|---|---|---|---|---|---|---|---|
| JLW TRANSPORT LLC | 1329874 | Domestic Limited Liability Company | Jul 18 2002 | Active | | | | Click for Details | Click for Details | Click for Details |

help

Back to Menu



EXHIBIT A

09-06095-rk    Doc 50    FILED 08/31/10    ENTERED 08/31/10 11:00:10    Page 9 of 9